IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
**CASE NO.: 14-21670-CIV-GAYLES/O'SULLIVAN**

DEBRA BALLARD and
MITCH BALLARD

      Plaintiffs

v.

MACO CARIBE, INC. DOING BUSINESS
AS SCUBA CARIBE, HOLDING RIU
HOTELS, INC., RIU  HOTELS S.A.,
RIUSA II S.A., RIUTEL BEACH, INC.,
RIUTEL FLORIDA, INC., LUIS RIU, JR.,
and CARMEN RIU GUELL

      Defendants

_____/

**PLAINTIFFS' RESPONSE AND MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

COME NOW, Plaintiffs Debra Ballard and Mitch Ballard (collectively "Plaintiffs"), and, for

their Response and Memorandum in Opposition ("Opposition") to Motion to Dismiss Plaintiffs'

Original Complaint ("Motion") [DE-16] filed by Defendants Maco Caribe, Inc. d/b/a Scuba Caribe,

Holding RIU Hotels, Inc., Riutel Beach, Inc., and Riutel Florida, Inc., would respectfully show:

## I.  INTRODUCTION AND BACKGROUND

1.1     This case arises from a traumatic jet ski accident that occurred on or about May 14, 2012, at the Hotel Riu Santa Fe, Cabo San Lucas, Mexico ("Hotel Riu"), where Plaintiffs were vacationing.

1.2     Plaintiff Debra Ballard sought to enjoy a jet ski ride after renting the jet ski from Defendants. Defendants Maco Caribe, Inc. d/b/a Scube Caribe, Holding Riu Hotels, Inc., Riutel Beach, Inc., and Riutel Florida, Inc. (collectively "Defendants") are all Florida Corporations with their principal places of business in Miami, Florida. Defendants owned, operated, and managed the Hotel Riu. As a result, Defendants constituted a joint enterprise in which each was responsible for the acts of another in the ownership, operations, management, and marketing of the Hotel Riu.

1.3     Defendants failed to ensure that Debra Ballard knew how to operate the jet ski craft, failed to provide her with any instructions, and failed to supervise Debra Ballard's use of the jet ski. In addition, Defendants failed to monitor the weather and sea conditions and to warn Debra Ballard of the risks associated with venturing out into unstable conditions.

1.4     These failures were particularly egregious and inexcusable given that the weather and sea conditions were such that an inexperienced rider like Debra Ballard would be put in great peril be entering into the water on a jet ski. Indeed, Defendants allowed her to ride off into a dangerous swell with waves at or above twenty feet tall.

1.5     Not only did Defendants allow Debra Ballard to ride off into such dangerous conditions, but they in fact directed her to do so. As Debra Ballard was preparing to begin their jet ski session, they were instructed to "Go!" despite an incoming wave roughly 20-feet high. Relying on the experience of the instructor, Debra Ballard ventured out into the dangerous swell with the

massive wave approaching. That wave threw Debra Ballard about ten to fifteen feet into the air and crashed her back down on her jet ski. As a result of the impact, Debra Ballard sustained a compression fracture of her L3 vertebrae in her lumbar spine as well as a left tibial plateau fracture.

1.6     Upon fracturing her bones, Debra Ballard floated helplessly in the water exclaiming that she could not swim because she had broken her back. Defendants then swam toward Debra Ballard and once the arrived they failed to exercise due care by handling her roughly with no regard to her existing injuries. Once ashore, Defendants continued unsuccessfully to provide reasonable emergency care by ignoring Debra Ballard's cries of pain and continuing to shove her around. It was not until Debra Ballard was taken by air ambulance to a hospital that she finally escaped the disastrous situation of breaking her back and having negligent responders exacerbate her pain and injuries.

## II.  MEMORANDUM OF LAW

### A.     Plaintiffs Have Stated a Cause of Action Upon Which Relief Can be Granted

2.1     When considering a defendant's motion to dismiss, a court must construe the factual allegations in the complaint in the light most favorable to the plaintiff. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). If the complaint provides fair notice of the claim and the factual allegations are sufficient to show that the right to relief is plausible, a court should deny the defendant's motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 555-56.

2.2     In their Complaint, Plaintiffs alleged a claim for negligence and provided the Defendants with adequate notice of that claim. Plaintiffs asserted that Defendants operated as a joint enterprise, as hotel operators,  managers and marketers, such that one member of the enterprise may be liable for the  negligent actions of another in the ownership, operations, management, and

marketing of the Hotel Riu. In addition, Plaintiffs asserted a breach of the duty of care owed by the Defendants, as the owners and operators of the Hotel Riu, to its patrons, by failing to use reasonable care when providing jet ski rentals and attempting the rescue of an injured guest.

       **1.**    **Plaintiffs have sufficiently pled factual allegations in support of their claims**

2.3    Plaintiffs made the following factual allegations in their negligence claim with regards to the breach of the duty of care by Defendants:

Defendants breached that duty and were negligent in:

a.    Renting jet ski water crafts to Plaintiffs without ensuring they knew how to operate the jet ski water crafts in the prevailing sea conditions;

b.    Failing to train Plaintiffs on the proper use of the jet ski water crafts;

c.    Failing to provide Plaintiffs with any safety instruction;

d.    Failing to supervise Plaintiffs' use of the jet ski water crafts;

e.    Failing to monitor the weather and sea conditions;

f.    Renting the Plaintiffs jet ski water crafts in conditions that were not safe for their intended use by the Plaintiffs;

g.    Failing to warn Plaintiffs of the risk of injury associated with the use of the jet ski water crafts;

h.    Failing to provide reasonable lifesaving and/or emergency medical response when Plaintiff DB was injured and needed to be extricated from the water;

i.    Failing to ensure that Scuba Caribe provided qualified, knowledgeable, competent personnel to rent jet ski water crafts to guests of the hotel;

j.    Failing to train the personnel who provided the jet ski water crafts to Plaintiffs;

k.    Failing to promulgate and enforce reasonable policies, procedures, and rules to insure the safe and proper usage of the jet ski water crafts by Plaintiffs; and

4

l.      Any other acts of negligence which may be shown at trial.

DE-1, pp 5-6. These factual allegations show a right to relief that is plausible. That is, when the factual allegations are assumed to be true, they show a right to relief that is more than mere speculation. *See Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555-56. Clearly, there are sufficient factual allegations to give rise to a plausible negligence claim.

### 2.      There is no "shotgun" pleading at issue

2.4      A "shotgun pleading" is a pleading that "incorporate[s] every antecedent allegation by reference into each subsequent claim for relief or affirmative defense." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir.2006). Shotgun pleadings make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir.1996).

2.5      In the present case, Plaintiffs alleged 12 different ways in which Defendants breached their duty of care and were negligent. These ranged from failing to provide Plaintiffs with safety instructions to failing to monitor the weather and sea conditions. DE-1, p.5. All of these allegations of fact are listed under the claim for negligence, thus it is not "impossible to know which allegations of fact are intended to support which claim(s) for relief." *See  Anderson*, 77 F.3d at 366.

2.6      Even if Defendants were unsure as to which specific defendants engaged in each of these different actions, then a motion to dismiss would still not be appropriate. Rather, the usual procedure would be a motion for a more definite statement, or for the court to allow for an amended complaint. *See Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955 (11th Cir. 2008) ("defense counsel, faced with a complaint purporting to combine in one count multiple claims of eight plaintiffs, should

have moved the court for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e)"). Even if defense counsel does not move for a more definite statement, courts are within their discretion to allow plaintiffs to amended their complaint. *See Libman v. Deutsche Bank Nat. Trust Co.*, 462 Fed.Appx. 876 (11th Cir. 2012) (ordering dismissal only after the plaintiff had failed to comply with the district court's instructions to file an amended complaint to cure deficiencies); *see also Byrne v. Nezhat*, 261 F.3d 1075 (11th Cir. 2001) (discussing shotgun pleadings and approving of dismissal as a remedy when a party fails to cure the deficiency).

2.7     While Plaintiffs assert it is not "impossible" to determine which factual allegations are meant to support which claims, in the event reference to multiple defendants caused an issue, it would be improper to dismiss Plaintiffs' Complaint under Plaintiffs have been afforded the opportunity to cure any deficiencies. In this circumstance, Plaintiffs would respectfully request this Court grant Defendants' Motion to Dismiss, if at all, without prejudice to Plaintiffs amending their Complaint.

**B.     Florida is the Proper Forum**

2.8     A defendant bears a heavy burden of persuasion when opposing a plaintiff's choice of forum. The Eleventh Circuit has long mandated that district courts "require positive evidence of unusually extreme circumstances, and should be thoroughly convinced that material injustice is manifest before exercising any such discretion as may exist to deny a United States citizen access to the courts of this country." *La Seguridad v.Transytur Line*, 707 F.2d 1304, 1308 n. 7 (11th Cir. 1983) (quoting *Burt v. Isthmus Dev. Co.*, 218 F.2d 353, 357 (5th Cir.1955)). This rule applies even when the claim sued upon arose in a foreign country, and the law of that country would govern. *See Hoffman v. Goberman*, 420 F.2d 423, 427 (3d Cir. 1970).

### 1.    The private interest factors weigh in favor of Plaintiffs

2.9     In a *forum non conveniens* analysis, the private interest factors the court must consider include the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Piper Aircraft v. Reyno*, 454 U.S 235, 241 n. 6 (1981) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

2.10    With regard to weighing private interests, in a *forum non conveniens* analysis, plaintiffs' choice of forum should rarely be disturbed "unless balance is strongly in favor of defendant." *SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097, 1101 (11th Cir. 2004) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)) . This presumption in favor of plaintiffs' initial forum choice in balancing the private interests is at its strongest when plaintiffs are citizens or residents of this country. *Id.* (citing *Leon v. Miller Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001).  The presumption in favor of the plaintiffs' choice of forum is to be applied specifically when weighing the private interests. *SME Racks*, 382 F.3d at 1102.

2.11    In the present case, the private interests weigh heavily in Plaintiffs' favor because convenience factors do not allow Defendants to overcome the presumption that the Plaintiffs' choice of forum should be disturbed. First, it is acknowledged that Plaintiffs are United States citizens and thus the presumption in favor of Plaintiffs' forum "is at its strongest." *See SME Racks*, 382 F.3d at 1101. Second, Defendants have not proffered evidence that "unusually extreme circumstances" exist to show that a "material injustice is manifest." *La Seguridad v. Transytur Line*, 707 F.2d 1304, 1308 n. 7 (11th Cir. 1983).

7

2.12 In *Burt v. Isthmus Development Co.*, 218 F.2d 353 (5th Cir. 1955), the court held that a dismissal based on *forum non conveniens* grounds was not justified where the defendant raised nearly identical arguments as the Defendants have in this case. There, the defendant argued that all of the events leading up to the dispute occurred in Mexico, all of the defendant's witnesses were in Mexico, and that it would cause an extreme hardship to cause them to travel to the US for trial. *Id.* at 358. While the court acknowledged this a serious concern, any inconvenience was offset because the defendant was being sued at its domicile, in the state where it chose to organize, and that the plaintiff was inconvenienced by having to prosecute his claim far removed from his own residence such that forcing him to litigate in Mexico would compound that disadvantage. *Id.* Because inconveniences to the defendant were insufficient grounds, the court denied the motion to dismiss on the grounds of *forum non conveniens*.

2.13 In the present case, Defendants are raising the identical argument. Defendants point out that the majority of witnesses are Defendants' employees and other personnel located in Mexico and that it would cause a hardship to bring the witnesses from Mexico into a US court. DE-16,p.15. While witnesses are located in Mexico and the accident occurred there as well, Defendants are being sued at their domicile in Florida, where they chose to organize and where they control and manage all operations. As stated in *Burt*, this factor weighs very heavily against the Defendants. In addition, like in *Burt*, Plaintiffs are already litigating far from their residence in California, and forcing them to litigate in Mexico will only compound that disadvantage. As found in *Burk*, when a Defendant is sued in its place of domicile, these factors almost invariably fail to show "unusually extreme circumstances" that would convince a court that "material injustice is manifest." *Burt*, 218 F.2d at 357.

8

2.14    Defendants also contend that significant issues of obtaining evidence will be presented if the lawsuit proceeds in Florida. However, the thrust of Plaintiffs' negligence claim is that the Defendants failed to supply adequate training, supervision, and warnings to sufficiently prevent injury to its customers and failed to execute reasonable policies, procedures, and rules to insure safe and proper usage of the jet ski water crafts. DE-1,pp5-6. Thus the majority of Plaintiffs' claims would be supported in large part by evidence that consists of documents, reports, and other records located in Florida. These documents are not overly burdensome to obtain and deliver and therefore a jury in Florida would be able to view virtually all of the necessary evidence in a practicable and efficient manner. *See Beaman v. Maco Caribe, Inc.*, 790 F.Supp.2d 1371, 1377 (2011) (stating that given the advances in technology and the relative ease of the transfer of documents the court "does not grant this consideration much weight.").

2.15    While there is a chance that other evidence pertaining to the jet ski could be relevant, there is no indication that it, or any other related objects, would need to be physically transported to Florida for purposes of the trial. Moreover, contrary to Defendants' speculation, there is no indication that any witness or necessary document will not be available to this Court in a potential trial. Thus, while there is evidence present in Mexico, such evidence is of the nature that it can be easily transported and therefore this factor does not weigh against Plaintiffs' interests.

### 2.    The public interest factors weigh in Plaintiffs' favor

2.16    In a *forum non conveniens* analysis, the public interest factors to be considered include: "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in

conflicts of law, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft v. Reyno*, 454 U.S. 235, 241 n. 6 (1981).

2.17    Defendants first attempt to argue that "South Florida court dockets are among the most congested in the United States, and adding Mexican cases that belong in Mexico will not ease that problem." DE-6, p.19. However, "this factor generally does not warrant significant consideration in the forum non conveniens analysis, and the Court does not accord it much weight." *Beaman v. Maco Caribe, Inc.*, 790 F.Supp.2d 1371, 1377 (2011). Thus, potential court congestion is not a persuasive argument for Defendants.

2.18    Defendants also argue that because Mexican law might be applied that this factor weighs heavily in favor of dismissal. However, "while the application of foreign law is an important factor to be considered in weighing the public interests, this factor cannot be accorded dispositive weight." *SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097, 1104-05 (11th Cir. 2004). Moreover, Defendants claim that *forum non conveniens* is necessary to avoid unnecessary problems with conflict of laws is exaggerated and not supported. There is nothing indicating that in the event Mexican law is applied, any unsettled or complex issues of Mexican law will be presented to the Court or that any experts will be necessary. *See Bodum USA, Inc. v. La Cafetiere, Inc.*, 621 F.2d 624, 628 (7th Cir. 2010) (stating that although Fed.R.Civ.P. 44.1 provides that courts <u>may</u> consider expert testimony when deciding questions of foreign law, it <u>does not compel them to do so</u> for the Rule says that judges "may" rather than "must" receive expert testimony).  Even if expert testimony is relied upon with regard to Mexican law, this is not sufficient to require a dismissal and there is no evidence that the need for this potential testimony would substantially add to the administrative burden of having the trial in Florida.

2.19    Most importantly, however, is the fact that Florida law applies in this action.  For tort claims, Florida applies the "most significant relationship" test set forth in Restatement (Second) of Conflict of Laws § 145. *See Trumpet Vine Invs. v. Union Capital Partners, Inc.*, 92 F.3d 1110, 1115 (11th Cir. 1996). That test generally requires a court to consider (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicil, residence, nationality, place of incorporation and place of business of the parties; and (4) the place where the relationship, if any, between the parties is centered. Restatement (Second) of Conflict of Laws § 145(2) (1971). *See Montgomery v. Oberti*, 945 F. Supp. 2d 1367, 1377 (S.D. Fla. 2013).

2.20    While it is true that the law of the place where the injury occurred normally applies, in the present case, the primary issue is the negligence of the entities with regard to their failure to implement proper safety procedures, training, and other preventative measures that would have prevented the accident that occurred in the present case. As for the facts the facts that pertain to those issues, the vast majority of such evidence will be found where the entities are incorporated and operate their primary place of business. That is, the location where the most significant decisions and operations were made that ultimately gave rise to the claim occurred in Miami, Florida. Thus, Florida has the most significant relationship to the issues in the present case and not Mexico, and Florida law should be applied, not Mexican law.

2.21    Finally, Plaintiffs concede Defendants' argument that Mexico has an interest in the subject matter of the litigation. However, in a *forum non conveniens* determination, there is strong federal interest in making sure that plaintiffs who are United States citizens are afforded an American forum for bringing suit, rather than having their case relegated to foreign jurisdiction. *SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097 (11th Cir. 2004). Thus, this

federal interest considered in addition to the other public factors mentioned results in public factors that are at best a wash for Defendants. However, the private interests analyzed before are significantly in favor of Plaintiffs and therefore shift the analysis in favor of Plaintiffs. Simply put, Defendants have not shown the "unusually extreme circumstances" of a "material injustice" required to override the presumption in favor of Plaintiffs' initial forum choice.

2.22    Because Plaintiffs' suit was properly brought in this forum, and because private and public interests would be better served if Plaintiffs' case were maintained in this forum, the Court should deny Defendant's Motion and retain the case on the Court's docket.

### C.    Alternatively, Plaintiffs Request Leave of Court to Amend their Complaint

2.23    Before trial, a party may amend its pleading once as a matter of course within 21 days after service of a motion under Rule12(b). Fed.R.Civ.P. 15(a)(1)(B). Here, Defendants filed their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(3) on July 9, 2014. [DE-16]. As such, and since Plaintiffs are still within the time to amend their pleading once as a matter of course, Plaintiffs respectfully request this Court  allow them leave to amend their Complaint if this Court finds that deficiencies need to be cured.

### III.  CONCLUSION

Plaintiffs have sufficiently stated their claim by properly pleading factual allegations and have also shown that Florida is the proper forum to hear this case. However, in the event this Court is inclined to grant Defendants' Motion to Dismiss based on failure to state a claim, Plaintiffs request this be done without prejudice to Plaintiffs right to amend their Complaint.

WHEREFORE, Plaintiff prays the Court deny Defendant's Motion, and for all other relief to which they may be entitled.

Dated: July 28, 2014

Respectfully submitted:

By: */s/ Marcus R. Spagnoletti*
Marcus R. Spagnoletti
Florida Bar No. 85430
Email: mspagnoletti@spaglaw.com

**SPAGNOLETTI & CO.**
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone: (713) 653-5600
Facsimile:   (713) 653-5656

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 28, 2014, a true and correct copy of the foregoing was served upon all counsel of record via email transmission through Notices of Electronic Filing generated by CM/ECF.

By: */s/  Marcus R. Spagnoletti*
          Marcus R. Spagnoletti

13

**SERVICE LIST**
**CASE NO.: 14-21670-CIV-GAYLES/O'SULLIVAN**

DAVID CHAIET
Florida Bar. No. 96379
MICHELE A. CROSA
Florida Bar No. 39283
Eisinger, Brown, Lewis, Frankel & Chaiet, PA
4000 Hollywood Boulevard, Suite 265-S
Hollywood, FL 33021-6755
Facsimile: (954) 894-8015
Email: dchaiet@eisingerlaw.com;
mcrosa@eisingerlaw.com
Attorneys for Defendants Riu Florida

ANTHONY P. STRASIUS
Fla. Bar No. 988715
EDGARDO FERREYRA, JR.
Fla. Bar No. 0685623
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
Suite 3800, 100 SE 2nd St.
Miami, FL 33131
Tel. (305) 374-4400
Email: anthony.strasius@wilsonelser.com;
edgardo.ferreyra@wilsonelser.com
Attorneys for Defendant Maco Caribe, Inc.

14