IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 14-21670-CIV-GAYLES/O'SULLIVAN

DEBRA BALLARD and
MITCH BALLARD

    Plaintiffs

v.

MACO CARIBE, INC. DOING BUSINESS
AS SCUBA CARIBE, HOLDING RIU
HOTELS, INC., RIU HOTELS S.A.,
RIUSA II S.A., RIUTEL BEACH, INC.,
RIUTEL FLORIDA, INC., LUIS RIU, JR.,
and CARMEN RIU GUELL

    Defendants
_____/

**PLAINTIFFS' SUR-REPLY IN SUPPORT OF MEMORANDUM IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

COME NOW, Plaintiffs Debra Ballard and Mitch Ballard (collectively "Plaintiffs"), and, for their Sur-Reply in Support of their Memorandum in Opposition to Motion to Dismiss Plaintiffs' Original Complaint filed by Defendants Maco Caribe, Inc. d/b/a Scuba Caribe ("Maco"), Holding RIU Hotels, Inc. ("Holding"), Riutel Beach, Inc. ("Riu Beach"), and Riutel Florida, Inc. ("Riu Florida") (all collectively "Defendants"), would respectfully show:

Plaintiffs disagree with Defendants' assertions that they have failed to state a claim upon which relief can be granted. Plaintiffs assert that contrary to what Defendants allege, they have stated the necessary elements to adequately state their claims and that dismissal pursuant to *forum non conveniens* is not appropriate given the nature of the claims brought by Plaintiffs. In addition, Plaintiffs reiterate their request to this Court to allow Plaintiffs leave to amend their Complaint to

address any deficiencies that need to be cured. Alternatively, if the Court is inclined to dismiss Plaintiffs' Complaint for failure to state a claim or on basis of *forum non conveniens*, Plaintiffs respectfully request the Court defer ruling until Plaintiffs are allowed to complete discovery targeted to the relationships between the parties, and on *forum non conveniens*.

1. **Plaintiffs clearly stated that Defendants owed a duty of care to Plaintiffs**.

Defendants state that "[n]either the Original Complaint nor the Plaintiffs' Response sets forth the factual allegations necessary to allege that Riu Florida or Maco owed any legally cognizable duty to the Plaintiffs." *See* D.E. 19, p.2. However, in their Response to the Motion to Dismiss, Plaintiffs stated that they had "asserted a breach of the duty of care owed by the Defendants, as the owners and operators of the Hotel Riu, to its patrons." *See* D.E. 17, p.4. This clearly stated that as the owners and operators of the Hotel Riu Santa Fe, Cabo San Lucas, Mexico ("Hotel Riu Santa Fe"), Defendants owed its patrons a duty of care in its mode of operations and ownership. Therefore, Defendants' assertion that Plaintiffs have not sufficiently pled a duty owed to Plaintiffs is without merit and Plaintiffs have sufficiently stated their negligence claim.

As for gross negligence, Plaintiffs re-allege the arguments contained in their Response found at D.E. 17, p.4 para. 2.3 regarding the breaches of the duty of care by Defendants. In addition, Plaintiffs add that Defendants acted recklessly with a conscious disregard or indifference to the life, safety, or rights of Plaintiffs by failing to act to prevent the danger that resulted in Plaintiffs injuries.[1] Specifically, Defendants failed systematically to implement adequate safety and training protocol that would have prevented instances like the one at issue here where an employee signaled "Go!"

---

[1] "Gross negligence" means that the defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct. Fla. Stat. Ann. § 768.72 (West).

to Plaintiffs as a large wave quickly approached their path. Such failures are no doubt a reckless or conscious disregard to the life, safety, and rights of patrons and therefore Plaintiffs have asserted a sufficient basis for gross negligence.

### 2. **Plaintiffs have pled that Defendants are proper parties to this matter.**

The existence of a joint enterprise requires proof of the following elements: "1) an agreement, express or implied, to enter into an undertaking, 2) a community of interest in the objects and purposes to be accomplished in the undertaking, and 3) equal authority to control the undertaking." *Halenda v. Habitat for Humanity Int'l, Inc.*, 125 F. Supp. 2d 1361, 1366 (S.D. Fla. 2000) *aff'd sub nom*. *Halenda v. Habitat for Humanity*, 245 F.3d 794 (11th Cir. 2000).

Luis Riu and Carmen Guell Riu are both listed as the officers and directors of Riu Beach, Riu Florida, and Holding. According to the official Hotel Riu website, Luis Riu and Carmen Guell Riu are also both listed as the managing directors of the entire hotel chain "RIU Hotels & Resorts."[2] This hotel chain includes the Hotel Riu Santa Fe.[3] Riu Beach, and Riu Florida, and Holding all have entered into a joint enterprise with the Hotel Riu Santa Fe with the same interests in accomplishing the same purposes of promoting the success of the RIU Hotels & Resorts. In addition, due to the common ownership and managers, there is equal authority/common control on the part of Riu Beach, Riu Florida, and Holding to control and manage the Hotel Riu Santa Fe as part of the effort to further the enterprise. Thus, when acting to further this purpose, the negligence of one actor of the enterprise can be attributed to another.

---

[2] http://www.riu.com/en/acerca_de_RIU/historia.jsp
[3] http://www.riu.com/en/Paises/mexico/los-cabos/hotel-riu-santa-fe/index.jsp?utm_source=Google&utm_medium=cpc&utm_content=CaboSanLucas&utm_campaign=Properties&src=tig_us_ppc_cabosanlucas_google_brand_properties_santafe_exact&mkwid=s1cQeuAvU_dc&pcrid=24028832655&pmt=e&pkw=riu%20santa%20fe%20cabo&gclid=CMvL9_an_78CFSdp7Aodg18A_g

Also, Defendants' assertion that Maco is not a proper party to this litigation is also without support. Maco provided the jet-ski rentals at the Hotel Riu Santa Fe. Plaintiffs would show they offered these concessions in conjunction with Riu Beach, Riu Florida, and Holding in order to receive mutual benefits. Maco received revenue from these rentals and Riu Beach, Riu Florida, and Holding received revenue and/or benefitted from related advertisements and the attraction of more guests. Thus, Maco directly participated in the enterprise and is therefore liable on that basis for any negligent acts of other members of the enterprise.[4]

Defendants are apparently demanding Plaintiffs set forth additional facts of the intricate inner-workings of this joint enterprise. However, Plaintiffs have not had the benefit of conducting any discovery into these relationships. For Plaintiffs to set forth additional facts related to the joint enterprise among the Defendants, and the extent and degree of control that Defendants had related to the Hotel Riu Santa Fe and the joint enterprise as a whole, discovery will be required.

For that reason, Plaintiffs request they be allowed to conduct discovery on these issues, and supplement their briefing, prior to this Court ruling on Defendants' Motion to Dismiss.

### 3. Dismissal for *forum non conveniens* should be denied.

Defendants are incorrect in their assertion that a *forum non conveniens* analysis "is not concerned with whether a defendant does business in the forum state." *See* D.E. 19, p.6. This misstatement of the law is in direct contradiction to *Burt v. Isthmus Development Co.*, which reiterated that when a defendant is being sued in its state of domicile, any inconvenience of witness

---

[4] Plaintiffs also reiterate the negligence and gross negligence claims alleged herein against Defendant Maco. As a vendor of jet skis, Defendant Maco had a legal duty use reasonable care when tendering the jet skis to its customers. Based on the facts alleged by Plaintiffs, Maco breached this duty by failing to insure that proper procedures were taken when allowing patrons to rent the jet skis.

4

location or witness travel is offset by the extreme convenience to the defendant. 218 F.2d 353, 358 (5th Cir. 1955).  Thus, contrary to Defendants' assertions, *forum non conveniens* is certainly concerned with the domicile of the Defendants.

Plaintiffs also re-allege their arguments regarding the ease at which any relevant evidence could be transported. The thrust of Plaintiffs' negligence claim is Defendants' systematic failures to supply adequate training, supervision, warnings, etc. to prevent injury to its customers and failures to execute reasonable policies, procedures, and rules to insure safe and proper usage of the jet skis. D.E. 17, pp 5-6.  Thus, as pointed out before, the majority of Plaintiffs' claims would be supported by evidence that consists documents, reports, and other records located in Florida where operations and control took place. Even if such documents were located elsewhere, they would be easily delivered to Florida. *See Beaman v. Maco Caribe, Inc.*, 790 F.Supp.2d 1371, 1377 (2011) (stating that given the advances in technology and the relative ease of the transfer of documents the court "does not grant this consideration much weight").

Likewise, Florida is also the location where the most significant decisions and operations were made that ultimately gave rise to the claim that occurred in Miami, Florida. It was there that the safety procedures, training, policies, and other related measures were decided upon and implemented. While Plaintiffs' claim arose in part from a clearly negligent direction by an employee of Defendants, the central thrust of Plaintiffs' claim is that Defendants failed systematically to implement adequate safety and training policies in their operations and management of their enterprise. Thus, while the end result of this conduct was a negligent decision that led to an injury in Mexico, the majority of the conduct leading up to this injury occurred in Florida. Given that the majority of the conduct related to Plaintiffs' claims occurred in Florida – where the Defendants are

5

domiciled and chose to incorporate – the most significant relationship between Plaintiffs' claims is with the state of Florida.

Also, Defendants' reliance on *Chierchia v. Treasure Cay Services*, 738 F.Supp. 1386 (S.D. 1990), is misplaced. There is no indication that the plaintiffs in that case brought any kind of similar claims where they alleged that the injuries were brought about by insufficient safety procedures, training, and other systematic failures and policies that were implemented from a location within Florida.

In addition to their request for leave to amend, in the alternative, Plaintiffs request leave to conduct discovery on issues related to *forum non conveniens,* and that the Court defer its ruling until discovery on parties and *forum non conveniens* is conducted.  Allowing discovery in matters involving *forum non conveniens* is allowed, and has been ordered by Courts in this District (*see, e.g., Klyszcz v. Cloward H2O LLC*, 2012 WL 4468345, *3 (S.D. Fla. 2012) (in connection with denying defendants' Motion to Dismiss for *forum non conveniens,* citing with approval *Matthews v. Whitewater West Indus., et al.*, No. 11–24424–CIV–ALTONAGA/Simonton, ECF No. 76, and Judge Altonaga's allowance of discovery on *forum non conveniens* issues).

WHEREFORE, Plaintiffs pray the Court deny Defendant's Motion, or, alternatively, defer ruling on the Motion until such time after Plaintiffs take discovery on the parties and *forum non conveniens* issues and further briefing may be had, and for all other relief to which they may be entitled.

| | |
|---|---|
| Dated: August 19, 2014 | Respectfully submitted: |

By: */s/ Marcus R. Spagnoletti*
Marcus R. Spagnoletti
Florida Bar No. 85430
Email: mspagnoletti@spaglaw.com

**SPAGNOLETTI & CO.**
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone: (713) 653-5600
Facsimile:   (713) 653-5656

**CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2014, a true and correct copy of the foregoing was served upon all counsel of record via email transmission through Notices of Electronic Filing generated by CM/ECF.

By: */s/  Marcus R. Spagnoletti*
Marcus R. Spagnoletti

**SERVICE LIST**
**CASE NO.: 14-21670-CIV-GAYLES/O'SULLIVAN**

ANTHONY P. STRASIUS
Fla. Bar No. 988715
EDGARDO FERREYRA, JR.
Fla. Bar No. 0685623
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
Suite 3800, 100 SE 2nd St.
Miami, FL 33131
Tel. (305) 374-4400
Email: anthony.strasius@wilsonelser.com;
edgardo.ferreyra@wilsonelser.com
Attorneys for Defendant Maco Caribe, Inc.
and the Riu Florida Defendants