UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No: 14-CIV-21670-GAYLES/TURNOFF

DEBRA BALLARD and MITCH BALLARD,

    Plaintiff,
vs.

MACO CARIBE, INC., et al.,

    Defendant.
_____/

## ORDER

THIS CAUSE came before the Court on Defendants Maco Caribe, Inc. d/b/a Scube Caribe; Holding RIU Hotels, Inc.; Riutel Beach, Inc.; and Riutel Florida, Inc.'s Joint Motion to Dismiss with Incorporated Memorandum of Law (the "Motion") [ECF 16]. The Court has carefully reviewed the Motion, the parties' submissions, the record, and the applicable law. For the reasons set forth below, the Defendants' Joint Motion to Dismiss is granted.

## BACKGROUND[1]

On May 14, 2012, Plaintiffs Debra Ballard ("Mrs. Ballard") and Mitch Ballard ("Mr. Ballard") were vacationing at the Hotel Rui Santa Fe, in Cabo San Lucas, Mexico. Plaintiffs rented jet skis from "one or more of the Defendants." [ECF 1 at ¶ 4.2]. While riding a jet ski, Mrs. Ballard fell and suffered injuries (the "Incident"). One of the Defendants' employees, who brought Mrs. Ballard to shore, allegedly exacerbated her injuries. All of Mrs. Ballard's injuries occurred in Mexico.

On May 7, 2014, Plaintiffs filed a Complaint against Defendants Maco Caribe, Inc. d/b/a Scuba Caribe ("Maco"), Holding RIU Hotels, Inc. ("Holding"), RIU Hotels S.A. ("RIU"),

---

[1] The Court takes the allegations from the Complaint [ECF 1] as true for purposes of a Motion to Dismiss. *See Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

RIUSA II S.A. ("RIUSA"), Riutel Beach, Inc. ("Riutel"), Riutel Florida, Inc. ("Riutel Florida"), Luis Riu, Jr. ("Mr. Riu") and Carmen Riu Guell ("Mr. Guell"). Plaintiffs assert claims for negligence and joint enterprise against all of the Defendants and alter ego against Mr. Riu and Mr. Guell. Plaintiffs seek damages for Mrs. Ballard's injuries as well as Mr. Ballard's loss of spousal consortium.

Although the Complaint is not entirely clear as to which defendant operated the jet ski rentals or hotels, it does set forth the residency of both the Plaintiffs and all of the Defendants. Plaintiffs are California residents. Maco, Holding, Riutel, and Riutel Florida are Florida Corporations. RIU and RIUSA are corporations organized and existing under the laws of Spain. Mr. Riu and Mr. Guell are Florida residents.

On July 9, 2014, Defendants Maco, Holding, Riutel and Riutel Florida moved to dismiss the Complaint arguing that Florida is a *forum non conveniensi* and that Plaintiffs failed to state a claim.

## DISCUSSION

**I.**     *Forum Non Conveniens*

"The doctrine of *forum non conveniens* permits a court with venue to decline to exercise its jurisdiction when the parties' and the court's own convenience, as well as the relevant public and private interests, indicate the action should be tried in a different forum." *Pierre-Louis v. Newvac Corp.*, 584 F.3d 1052, 1056 (11th Cir. 2009). The defendant raising *forum non conveniens* bears the burden to demonstrate that the plaintiff's choice of forum is inconvenient. *Wilson v. Island Seas Invs., Ltd.*, 590 F.3d 1264 (11th Cir. 2009). The determination is within "the sound discretion of the trial court." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981).

To prevail on its motion to dismiss, Defendants have the burden of showing that 1) an adequate alternative forum is available; 2) private interest factors favor the alternate forum, with

a strong presumption in favor of Plaintiffs' initial choice of forum; 3) public interest factors favor the alternate forum; and 4) Plaintiffs can reinstate their suit in the alternate forum without undue inconvenience or prejudice. *Wilson*, 590 F.3d at 1269. Defendants must "show positive evidence of unusually extreme circumstances, and the court should be convinced that material injustice would result if the cause was tried in the original forum." *Beaman v. Maco Caribe, Inc.*, 790 F.Supp.2d 1371, 1376 (S.D. Fla. 2011).

### A.     Adequate Alterative Forum

The first step in the analysis is "whether an adequate alternative forum exists which possesses jurisdiction over the whole case." *C.A. La Suguridad Transytur Line*, 707 F.2d 1304, 1307 (11th Cir. 1983). The forum must be both available and adequate. *Leon v. Million Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001).

A forum is available if it is able to assert jurisdiction over the action and if the parties will not be deprived of remedies or treated unfairly. *See Beaman*, 790 F.Supp.2d at 1376. However, the forum is still "available" even if it does not provide the same benefits as courts in the United States. *See Id.* (citing *Piper Aircraft*, 454 U.S. at 255 n. 22). A defendant may usually meet its burden of demonstating an available forum by indicating it is amenable to service of process or consenting to jurisdiction in the foreign forum. *See Tyco Fire & Security, LLC v. Alcocer*, 218 Fed. Appx 860, 865 (11th Cir. 2007). In their Motion, Defendants stipulated that they would 1) submit to the jurisdiction of a Mexican court; 2) accept service of process in Mexico; 3) waive any statute of limitations defense attributable to the delay between the filing of this case and a reasonable time for refiling in Mexico; and 4) be bound by a final judgment entered by a Mexican court [ECF 16 at p. 12]. Accordingly, the Court finds Mexico is an available forum.

A forum is considered adequate if it can provide relief to a plaintiff. *Id.* The substantive law of the foreign forum does not need to be as favorable to the plaintiff as the law of the

plaintiff's chosen forum. Rather, the plaintiff need only have an opportunity to obtain some relief. *Id.* "Mexico has frequently been found to provide an adequate alternative forum." *Beaman*, 790 F.Supp.2d at 1376 (citing *Loya v. Starwood Hotels & Resorts Worldwide, Inc.*, 583 F.3d 656 (9th Cir. 2009); *Buckley v. Starwood Hotels & Resorts Worldwide, Inc.*, 2009 WL 3531647 (E.D. Mo. Oct. 27, 2009); *Wozniak v. Wyndham Hotels & Resorts, LLC*, 2009 WL 901134 (N.D. Ill. March 31, 2009)). Acordingly the Court finds Mexico is an adequate alternative forum.

      **B.**    **Private Interests**

The private factors the Court must consider are the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Piper Aircraft*, 454 U.S. at 241 n. 6 (quoting *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947)). The Court, when balancing these factors, must be mindful of the strong presumption in favor of a plaintiff's choice of forum. *See Gulf Oil*, 330 U.S. at 508; *Piper Aircraft*, 454 U.S. at 255.

The first factor, ease of access to evidence, supports of dismissal. This factor is "perhaps the most important private interest." *Ford v. Brown*, 319 F.3d 1302, 1308 (11th Cir. 2003). Mrs. Ballard sustained all of her injuries in Mexico. Although Plaintiffs allude to documents in Florida relating to the policies and procedures of some of the Defendants, the bulk of the evidence, including documents relating to the rental, care, and maintenance of the jet ski, are all located in Mexico. Further, the ability to transfer and review documents electronically alleviates the Court's concern about access to the limited number of documents in Florida. *See Beaman*,

790 F.Supp. 2d at 1377.  However, the physical evidence – the jet ski and anything used to service the equipment – is all located in Mexico.  This tips the scales in favor of dismissal.

The second factor, the availability of compulsory process for unwilling witnesses, also weighs in favor of dismissal.  The majority of the witnesses, including hotel employees, the jet-ski rentors, and the medical response workers, are all located in Mexico.  This Court is unable to compel the attendance of Mexican witnesses who are foreign nationals for trial in Florida.  *See Perez-Lang v. Corporacion de Hoteles, S.A.*, 575 F.Supp.2d 1325 (S.D. Fla. 2008) (applying the doctrine and dismissing action because critical witnesses resided in the Dominican Republic and the court could not compel the testimony of such witnesses).  This clearly supports dismissal. *See Morse v. Sun Int'l Hotels, Ltd.,* 2001 WL 34874967, at *3 (S.D. Fla. Feb. 26, 2001); *Miyoung Son v. Kerzner Int'l Resots, Inc.*, 2008 WL 4186879 (S.D. Fla. Sept. 5, 2008)(dismissing claim pursuant to *forum non conveniens* because witnesses were in the Bahamas).

The third factor, the costs and inconvenience of obtaining the attendance of willing witnesses, also favors of dismissal.  Even if some of the witnesses in Mexico are willing to testify in the United States, their travel costs could be significant and pose an undue hardship to the Defendants. This potentially limits Defendants' ability to present live testimony at trial and therefore supports Defendants' contention that this matter should be tried in Mexico.  *See Morse*, 2001 WL 34874967 at *3 ("[T]he live testimony of witnesses for the purposes of presenting demeanor evidence [is] essential to a fair trial.") ; *Birdwell v. Royal Caribbean Cruise, A/S*, 1985 WL 66 (S.D. Fla. 1985)("[W]henever possible, the trier of fact should be given the opportunity to evaluate live testimony").  In addition, Plaintiffs are California residents and will have to travel to Florida for trial.  *See Morrone v. Sun Int'l*, 2006 U.S. Dist. LEXIS 97949, *12 (S.D. Fla. 2006)("[B]y choosing Miami as the forum in which to litigate – a forum over a thousand miles

from Plaintiff and his witnesses' residences in New Jersey – any additional burden of traveling to the Bahamas is necessarily marginal in comparison… put differently, if Plaintiff and his witnesses can travel from New Jersey to Miami without inconvenience, then they cannot be heard to complain, nor have they offered any evidence to show, that travel to the Bahamas is unduly burdensome."). Accordingly, the Court finds this factor weighs in favor of dismissal.

The fourth factor, the ability of the jury to view the accident scene, also supports dismissal. The accident occurred in Mexico. Should the jury need to visit the scene, they can only do so if the trial is in Mexico. As a result, this factor weighs in favor of dismissal. *See Perez-Lang*, 575 F.Supp.2d at 1351 (finding that dismissal is warranted if a visit to the accident scene might be beneficial due to the nature of the allegations in the complaint). Viewed together, the private interest factors clearly outweigh Plaintiffs' choice of forum and support a dismissal based on *forum non conveniens.*

### C.    Public Interest Factors

The Court need only consider the public interest factors when the private interest factors are "at or near equipoise." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 578 F.3d 1283, 1289-90 (11th Cir. 2009). Although the Court finds that the private interest factors weigh heavily in favor of dismissal, it will still consider the following public interest factors: "the administrative difficulties flowing from court congestion; the local interest in have localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflicts of law, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft*, 454 U.S. at 241 n. 6.

The Southern Distict of Florida has one of the busiest dockets in the country; therefore, the administrative burden for a matter with little connection to Florida is a concern. The incident took place in Mexico and the Plaintiffs are California residents. The only connection to Florida is that some of the Defendants are Florida Corporations and or residents. This simply is not enough to justify keeping the case in this district. Indeed, the action would be an unfair burden on jurors in this district. Plaintiffs' claims involve very little – if any – association to Florida. As a result, Florida jurors would have to make findings about an incident in Mexico concerning California residents.

In addition, Mexican law will likely govern this action. *See Bishop v. Fla. Specialty Paint Co.*, 389 So.2d 999, 1001 (Fla. 1980) (the law of the state in which both the injury and the conduct causing the injury occurred is, in most cases, applicable law). If the action were to stay in Florida, this Court would have to interpret Mexican law. Any interpretation would require the use of expert testimony regarding Mexican substantive law and possible translations the law and expert testimony. The increased expense and administrative burden on the Court is yet another factor supporting dismissal.

Mexico, however, may have a compelling interest in adjudicating this case. Mexico "is highly dependent on tourism and thus, has a strong interest in adjudicating claims that arose from the tourism activities of Plaintiffs. . ." *Beaman*, 790 F.Supp.2d at 1380. Accordingly, the Court finds that the public interest factors weigh in favor of dismissal and having this action tried in Mexico.

D.     **Reinstatement of Suit**

Defendants have declared that they will submit to the jurisdiction of a Mexican court in this matter and will not raise an objection based on the statute of limitations. As a result, the

Court finds Plaintiffs can reinstate their suit without undue prejudice or inconvenience. *See Wilson*, 590 F.3d at 1269.

## II.  Failure to State a Claim

Defendants also move to dismiss the Complaint for failure to state a claim. Because the Court finds that this action should be refiled in Mexico, it does not address fully address Defendants' arguments regarding Plaintiffs' alleged pleading deficiencies. The Court notes, however, that the Complaint is unclear as to how the Defendants are related. In addition, Plaintiffs fail to allege what acts or failures to act they attribute to each Defendant. Rather, all of the Defendants are lumped together. This is likely insufficient to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).

## CONCLUSION

All of the factors in the *forum non conveniens* analysis support dismissal. Accordingly, it is

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss [ECF 16] is **GRANTED**. This cause is **DISMISSED** and Plaintiffs are directed to file their suit in Mexico. It is further

**ORDERED AND ADJUDGED** that this action shall be **CLOSED** for administrative purposes, and all pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of September, 2014.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge Turnoff
All Counsel of Record